UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| RONAL ULLOA,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>  Plaintiff,<br>v<br><br>FORSTER & GARBUS, LLP,<br>MARK A. GARBUS, AND RONALD FORSTER,<br><br>  Defendants. | Civil Action, File No.<br>2:17-cv-3834 |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Ronal Ulloa [hereinafter "Ulloa"] on behalf of himself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP [hereinafter "F&G"], Mark A. Garbus (hereinafter "Garbus"), and Ronald Forster (hereinafter "Forster"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on F&G's regular transaction of business within this district. Venue in this district also is proper based on F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. F&G also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this

district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Ulloa is a natural person who resides at 3108 Connecticut Avenue, Medford, N.Y. 11763.

6. Ulloa is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about June 22, 2016, F&G sent Ulloa the letter annexed as Exhibit A. Ulloa received and read Exhibit A. For the reasons set forth below, Ulloa's receipt and reading of Exhibit A deprived Ulloa of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, F&G sent Exhibit A to Ulloa in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by TD Bank USA, N.A. with the brand name of Target for his individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A credit card account with the brand name of Target is an account issued only to consumers for use solely at Target; and Target sells goods used primarily by consumers primarily for personal, family or household purposes. F&G, via Exhibit A, attempted to collect this past due debt from Ulloa in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, F&G sets forth that it is a debt collector attempting to collect an debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly

or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

16. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

17. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

18. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

19. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

20. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

## FIRST CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

22. Exhibit A set forth a "Full Balance" of $2,388.10.

23. Any "Full Balance" resulted from an agreement between Ulloa and TD Bank USA, N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

24. Upon information and belief, pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue on any amount due but unpaid to TD Bank USA, N.A.

25. Upon information and belief, pursuant to the aforementioned agreement, TD Bank USA, N.A., any assignee or successor-in-interest of TD Bank USA, N.A. had a legal right at any time to collect from Ulloa the aforementioned interest, late charges, and/or other

charges which had continued to accrue on any amount due but unpaid to TD Bank USA, N.A. and/or any assignee or successor-in-interest of TD Bank USA, N.A.

26. The aforementioned right to collect from Ulloa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Full Balance" is not waived by TD Bank USA, N.A. or any assignee or successor-in-interest of TD Bank USA, N.A. as a result of a failure by either TD Bank USA, N.A. or any assignee or successor-in-interest of TD Bank USA, N.A. at any point in time to attempt to collect from Ulloa the aforementioned accrued interest, late charges, and/or other charges in addition to any "Full Balance".

27. Exhibit A failed to notify Ulloa that his "Full Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

28. Exhibit A sets forth as follows: "MINIMUM AMOUNT due by July 16, 2016 - $541.00"; but Exhibit A failed to clearly state that payment of the aforementioned amount by the aforementioned date will result in full satisfaction of the debt.

29. For the above reasons, as a result of the aforementioned omission from Exhibit A set forth in this paragraph, Defendants violated 15 USC § 1692e by sending Exhibit A to Ulloa.

## SECOND CAUSE OF ACTION--CLASS CLAIM

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

31. Exhibit A sets forth a "Full Balance" of $2,388.10.

32. Exhibit A does not set forth that the "Full Balance" of $2,388.10 may increase due to interest, late charges, and/or other charges.

33. Since Exhibit A does not set forth that the "Full Balance" of $2,388.10 may increase due

to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Full Balance" of $2,388.10 was static and that their payment of $2,388.10 would satisfy the debt irrespective of when the payment was remitted.

34. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

35. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

36. Ulloa owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

37. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

38. As regards the past due debt set forth in Exhibit A, TD Bank USA, N.A. had a guaranteed right to interest on the "Full Balance" of $2,388.10 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

39. Based on the above, the "Full Balance" of $2,388.10 set forth in Exhibit A was not static.

Instead, interest was in fact accruing on the "Full Balance" of $2,388.10 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

40. Based on the above, TD Bank USA, N.A. could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Full Balance" of $2,388.10 set forth in Exhibit A was paid.

41. In the alternative, TD Bank USA, N.A. could have sold Ulloa's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Full Balance" of $2,388.10 set forth in Exhibit A was paid.

42. Based on the above, since Exhibit A does not set forth that the "Full Balance" of $2,388.10 may increase due to interest, Defendants violated 15 USC § 1692e by sending Exhibit A to Ulloa.

## THIRD CAUSE OF ACTION-CLASS CLAIM

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

44. Upon information and belief, the "Full Balance" of $2,388.10 exceeded the amount of the debt "charged-off" by TD Bank USA, N.A. or the amount of the debt due TD Bank USA, N.A. at the time TD Bank USA, N.A. waived or otherwise lost its legal right to charge Ulloa interest, late charges, and/or other charges.  For this and other reasons, Exhibit A amounted to a false, deceptive or misleading means by Defendants in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), and 15 USC 1692e(10), and/or amounted to an unfair or unconscionable means by Defendants to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

46. Defendants violated 15 USC § 1692G by sending Exhibit A to Ulloa.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

48. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

50. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

51. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

52. The classes consist of:

   I.   (a) all natural persons (b) who received a letter from F&G dated between June 22, 2016 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current

        amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

  II.    (a) all natural persons (b) who received a letter from F&G dated between June 22, 2016 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

  III.    (a) all natural persons (b) who received a letter from F&G dated between June 22, 2016 and the present to collect a past due debt originally due to TD Bank USA, N.A., (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt; and/or

  IV.    (a) all natural persons (b) who received a letter from F&G dated between June 22, 2016 and the present to collect a past due debt due to TD Bank USA, N.A., (c) in a form materially identical or substantially similar to Exhibit A.

53. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

54. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

55. The predominant common question is whether Defendant's letters violate the FDCPA.

56. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

57. A class action is the superior means of adjudicating this dispute.

58. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:	June 26, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709